| | |
|---|---|
| minimum mandatory | No |
| 5K1.1 | Yes |
| 35(b) | Yes |
| Forfeiture | No |
| Appeal Waiver | No |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**BRUNSWICK DIVISION**

U.S. DISTRICT COURT
Southern District of Georgia
Filed in Office

*11:45 A.* M.

*6-24* 20*08*

Deputy Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CR 208-19 |
| v. | ) | |
| | ) | |
| **BARRINGTON CHUNG** | ) | |
| | ) | |

## SUMMARY OF PLEA AGREEMENT

[NOTE: *This summary of the plea agreement is for the convenience of the Court and does constitute a part of the plea agreement, which follows in full hereafter.*]

**DEFENSE COUNSEL**:          ROBERT H. BAER, ESQ.

**ASSISTANT U.S. ATTORNEY:**     JEFFREY J. BUERSTATTE

**STATUTE CHARGED**:
**Count 1**
18 U.S.C. § 3
Accessory after the Fact
(Armed Bank Robbery)

**CHARGE PLEADING TO**:
**Count 1**
18 U.S.C. § 3
Accessory after the Fact
(Armed Bank Robbery)

**PENALTIES**:
Not more than twelve and one-half (12-1/2) years imprisonment.***
Not more than $125,000 fine.***
Supervised release of not more than five (5) years.
Special assessment of $100.

***     Note: Term of imprisonment and fine amount not to be more than one-half (½) of sentence and fine prescribed as to the principal in the Armed Bank Robbery.

**ELEMENTS OF THE OFFENSE**:

**First:** That the principal had committed the crime of armed bank robbery;

**Second:** That the defendant knew of the commission of the above crime by the principal and thereafter relieved and assisted the principal by aiding in the principal's getaway; and

**Third:** That the defendant did the above act intending to hinder or prevent the principal's apprehension.

**SUMMARY OF GOVERNMENT'S PROMISES**:

The government agrees:

a.      That, based on information known at the time of this agreement, there are no aggravating circumstances warranting an increase in the offense level for victim related adjustments, or for role in the offense.

b.      To inform the court of the degree of defendant's cooperation and, if the government deems the defendant to have provided substantial assistance, to recommend a downward departure pursuant to USSG § 5K1.1, or for a reduced sentence pursuant to Rule 35, Federal Rules of Criminal Procedure.

c.      Not to oppose reduction in sentence for acceptance of responsibility, provided defendant admits offense of conviction, has fully complied with the terms of pretrial release, if appropriate, and has not engaged in any additional criminal conduct since his arrest or initial appearance in this case.

d.      Not to charge defendant with any other crimes which relate to the offense underlying the Information.

**SUMMARY OF DEFENDANT'S PROMISES**:

The defendant agrees:

a.      To plead guilty to the Information, and to waive indictment.

b.      To cooperate with the government in its continuing investigation of matters relating to the Information, including that defendant will testify truthfully at grand jury and trial, if necessary, as to his knowledge of the offense about which defendant is cooperating.

2

James D. Durham, Assistant United States Attorney, Jeffrey J. Buerstatte, Assistant United States Attorney, and Robert H. Baer, Esq., attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charge pending in the Information herein, and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT'S OBLIGATIONS

1.    Upon entering a plea of guilty by the defendant to the offense charged in the Information, and being sentenced, the attorney for the government will do the following:

a.    The government will agree that, based on information known at the time of this agreement, there are no aggravating circumstances warranting an increase in the offense level for victim related adjustments or role in the offense.

b.    The government will make known to the Court the degree of cooperation provided by the defendant to authorities of the Federal Bureau of Investigation (FBI) and other law enforcement authorities in the continuing investigation of the armed bank robbery referred to in the Information,  including that defendant will testify truthfully at grand jury and trial, if necessary, as to his knowledge of the circumstances surrounding the armed bank robbery. In that regard, in the event the defendant cooperates fully and truthfully and, if called upon, testifies truthfully in grand jury and/or in open court, and by so doing renders substantial assistance to the government, the government will file, pursuant to USSG §5K1.1 or Rule 35 of the Federal Rules of Criminal Procedure, a motion for the Court to depart downward from the guidelines, or to reduce the sentence, in view of substantial assistance. In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government and

3

the defendant agrees that the defendant cannot and will not challenge that decision whether by appeal or collateral attack or otherwise.

      c.    The government will not object to a recommendation from the probation office that the defendant receive a reduction in his sentence for acceptance of responsibility under the provisions of Chapter Three Part E of the sentencing guidelines, provided that defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, and has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter.

      d.    The government agrees not to charge defendant with any other crimes which relate to the offense underlying the Information.

    2.    The government reserves the right to inform the Court and the U. S. Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and his background. The government will inform the defendant and defense counsel of all information provided to the probation office at the time it is provided to that office.

## DEFENDANT'S OBLIGATIONS

    3.    The defendant agrees:

      a.    To plead guilty to  the Information in this case, and to waive indictment.

      b.    To cooperate with the government in its continuing investigation of matters relating to the armed robbery alleged in the Information, including that defendant will testify truthfully at grand jury and trial, if necessary, as to the circumstances surrounding that armed robbery.

    4.    The defendant understands that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial

statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge and belief, and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

5.    If the defendant has failed or should fail in any way to fulfill completely his obligations under this agreement then the government will be released from its commitment to honor all of its obligations to him. Thus, if the defendant should fail to fulfill his obligation under this agreement, the government will be free (1) to prosecute him for perjury, false declaration, false statement, and/or obstruction of justice [18 U.S.C. §§ 1621, 1623, 1001, 1503]; (2) to prosecute him for all violations of federal criminal law which he has committed; (3) to use against him in all of those prosecutions and sentencings the information and documents that he has himself disclosed or furnished to the government during the course of his cooperation; and (4) to recommend a maximum sentence. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

## REPRESENTATIONS OF THE DEFENDANT MADE TO THE COURT

6.    The defendant, before entering a plea of guilty to the Information provided for herein by said Plea Agreement, advises the Court that:

a.    The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.    The defendant understands the nature of the charge to which the plea to the Information is offered, that is that the defendant did commit an offense against the United States, that is to say, a violation of Title 18, United States Code, Section 3.

5

## Factual Basis

c.    The defendant further understands that the nature of the charge to which the plea is offered involves proof as to the Information, as follows:

On or about April 10, 2008, in Glynn County, within the Southern District of Georgia, defendant **Barrington Chung**, knowing that an offense against the United States had been committed, that is, an armed bank robbery of the Atlantic National Bank, 710 Gloucester Street, Brunswick, Georgia, received, relieved and assisted the offender in order to hinder and prevent his apprehension; in violation of Title 18, United States Code, Section 3.

d.    The defendant understands that he has a right to be represented by an attorney at every stage of the proceedings against him herein and is represented by the defendant's undersigned attorney.

e.    The defendant understands that he has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, the right to call witnesses in his own behalf, and the right not to be compelled to incriminate himself, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.    The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against him in a prosecution for perjury or false statement if the answers are not truthful.

6

g.    The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement.  The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

h.    The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.    The defendant further advises the Court that it is understood that the Court is not a party to this agreement and that the government can only make recommendations which are not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has no absolute right to withdraw the plea.  Thus, the Court is free to impose any sentence authorized by statute,  including imprisonment for not more than twelve and one-half (12-1/2) years; a fine of not more than $125,000; not more than three (3) years supervised release; and a special assessment of $100.  (Note: Sentence is based on maximum term and fine for underlying offense of Armed Bank Robbery, which are twenty-five (25) years in prison and a fine of up to $250,000.  **The defendant also understands that in accordance with _United States v. Booker_, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

j.    The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or

7

criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crime charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.    The defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court. The U. S. Probation Office will consider defendant's conduct relevant to the acts committed by the defendant, including the offense to which he is pleading, as well as his criminal history. The offense level and criminal history category determined by the U. S. Probation Office and the Court may differ from that projected by defendant's counsel or the U. S. Attorney. In the event the Court determines defendant's offense level or criminal history category to be higher than defendant anticipated, he will nonetheless have no absolute right to withdraw his plea.

7.    In addition to the foregoing provisions to which defendant agrees, he swears under penalty of perjury that the facts in the "Factual Basis" paragraph above are true and that his attorney has acted competently and in the defendant's best interests during his representation of defendant.

8.    The undersigned attorneys for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the

8

right to confront and cross-examine witnesses against him and the right not to be compelled to incriminate himself; and that if the defendant pleads guilty, there will not be a further trial of any kind.  Further the defendant has been advised that if he pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against him in a prosecution for perjury or false statement if the answers are not truthful.

This _____ day of _____, 2008

EDMUND A. BOOTH, JR.
UNITED STATES ATTORNEY

James D. Durham
Assistant United States Attorney

Jeffrey J. Buerstatte
Assistant United States Attorney

Robert H. Baer, Esq.
Attorney for the Defendant

9

I have read the foregoing Plea Agreement, consisting of 9 pages, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

_____
Barrington Chung
Defendant

June 14, 2008
Date

**10**

*United States v. Chung*
CR 208-19

## O R D E R

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This _____24_____ day of _____June_____, 2008.

_____
HON. LISA GODBEY WOOD
JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA